UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| ARSHDEEP SINGH,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 5:26-cv-04653-JDE<br><br>ORDER REGARDING PETITION |

## I.
## INTRODUCTION

On August 16, 2026, Arshdeep Singh ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus, challenging his detention by immigration authorities. Dkt. 1 ("Petition" or "Pet."). This is not the first habeas petition he has filed challenging his immigration detention. See Singh v. Warden of the Desert View Annex Detention Facility, et al., Case No. 5:26-cv-00816-SB-JDE (C.D. Cal.) ("Prior Action"). Consistent with the Court's order in the Prior Action (id., Dkt. 10), Petitioner received an individualized bond hearing before an immigration judge ("IJ") on April 21, 2026, who determined that Petitioner was a flight risk and therefore denied bond. Id., Dkt. 11. The

instant action challenges Petitioner's ongoing detention and subsequent custody redetermination decision, again finding he is a flight risk and denying bond. Petitioner seeks immediate release and an order permanently enjoining his re-detention during the pendency of removal proceedings and case appeal absent written notice and a hearing prior to re-detention, or alternatively, an individualized bond hearing before an IJ where the government bears the burden of proof by clear and convincing evidence and there is a consideration of alternatives to detention and financial ability to pay. Petitioner also seeks a declaration that his detention is unlawful; an order enjoining Respondents from transferring him during the pendency of this Petition; and attorney's fees and costs. Id. at 27-29. Respondents filed an Answer on August 24, 2026. Dkt. 8 ("Ans."). Petitioner filed a Traverse on August 27, 2026. Dkt. 9.

For the reasons discussed below, the Petition is denied.

## II.

## BACKGROUND

Petitioner, a citizen of India, entered the United States on or about September 28, 2024. Pet. ¶ 20. Petitioner contends he timely filed an application for asylum and withholding of removal. Id. ¶ 21. He has been appointed a guardian. Id. ¶ 22. On December 19, 2025, Petitioner was detained by the Department of Homeland Security. Id. ¶ 23.

Petitioner filed the Prior Action on February 19, 2026. Prior Action, Dkt. 1. Respondents acknowledged that Petitioner appeared to be a member of the Bond Eligible Class certified in Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.) ("Bautista") and subject to the Bautista judgment. Id., Dkt. 6. On April 13, 2026, the Prior Action was granted, in part, with Respondents ordered to provide Petitioner an individualized bond hearing before an IJ under 8 U.S.C. § 1226(a). Id., Dkt. 10.

Petitioner received a bond hearing on April 21, 2026, at which he was represented by counsel and provided the opportunity to submit evidence. The IJ provided a reasoned decision in accordance with the Court's order. The IJ denied bond, finding that Petitioner was a flight risk. Prior Action, Dkt. 11. Judgment was entered in the Prior Action on April 27, 2026. Id., Dkt. 13. A month later, on May 28, 2026, Petitioner filed a Motion to Enforce Judgment, arguing that the bond hearing was constitutionally deficient. Id., Dkt. 14 ("Motion to Enforce"). On July 8, 2026, the District Judge found Respondents complied with the Court's prior order by providing the required bond hearing and denied the Motion to Enforce. Id., Dkt. 16.

Meanwhile, on June 18, 2026, an IJ ordered Petitioner removed to India. Pet. ¶ 24; Ans., Exh. B. Petitioner timely filed an appeal, which remains pending. Pet. ¶ 24; Dkt. 1-1. On June 29, 2026, Petitioner was provided a Rodriguez bond hearing. Id. ¶ 25. Petitioner was again represented by counsel and provided the opportunity to submit evidence. In a reasoned decision, the IJ denied bond, finding "by clear and convincing evidence" that Petitioner is a flight risk and there is no bond that could mitigate the risk. Ans., Exh. A. Although Petitioner reserved an appeal to the Board of Immigration Appeals ("BIA"), he does not allege whether he filed an appeal. Id.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the

merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759. "It is the petitioner's burden to prove his custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted). Here, Petitioner has failed to carry his burden to prove that his current custody violates his federal rights.

Petitioner asserts a due process claim, challenging his ongoing detention and the June bond decision. First, he asserts that his "prolonged detention" "without any individualized review" violates the Due Process Clause. Pet. ¶¶ 3, 49-50 (emphasis in original). This assertion ignores that Petitioner has been provided two bond hearings, most recently, a Rodriguez bond hearing, at which the government bore the burden of proof by clear and convincing evidence. See Ans., Exh. A. As such, any contention that he is being detained without individualized review is belied by the record. Petitioner is not entitled to habeas relief on this claim.

As to Petitioner's challenge to the June bond decision, "[f]ederal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam); see also Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). The exhaustion requirement is not jurisdictional, but prudential exhaustion may be required when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the

petitioner has exhausted remedies, unless exhaustion is excused." Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) (as amended).

Exhaustion may be waived where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be futile, irreparable injury would result, or the administrative proceedings would be void. Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004); Ward, 678 F.3d at 1045. "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of [the] Laing factors applies." Chavez v. Noem, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (citation omitted).

Detainees subject to Section 1226 who are dissatisfied with the IJ's bond determination may file an administrative appeal with the BIA. See Leonardo, 646 F.3d at 1160. "If they remain dissatisfied, they may file a petition for habeas corpus in the district court." Id. Petitioners should "exhaust[] administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." Id.; see also Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003) ("[T]he petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal[.]").

Prudential exhaustion applies here. Petitioner reserved an appeal, but does not allege he filed an appeal with the BIA. Petitioner could have waited to file this petition after appealing to the BIA. See Leonardo, 646 F.3d at 1160; Rojas-Garcia, 339 F.3d at 819. Each of the prudential exhaustion factors weigh in favor of requiring exhaustion. Petitioner alleges the IJ failed to properly consider the Guerra factors and the flight risk finding is not supported by the evidence. See Pet. ¶¶ 57-70. Petitioner, who is represented by counsel, presents no evidence why the factual issues underpinning these assertions cannot be addressed and corrected in the context of an appeal. The factual record can

and should be properly developed by the BIA, particularly given that Petitioner has not otherwise presented any evidence of the bond hearing record. See Executive Office for Immigration Review, Part II - OCIJ Immigration Court Practice Manual, Chap. 8.3(e)(7) ("Usually, the [IJ's] decision is rendered orally. If either party appeals, the [IJ] prepares a written decision based on notes from the hearing, however the record will not be transcribed.") available at https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm. Second, waiving exhaustion in this instance would encourage others to deliberately bypass the established administrative scheme, which contemplates appeals with the BIA, not the district court, in the first instance. Third, the outcome of such appeal may provide Petitioner the relief sought in this proceeding and eliminate the need for judicial review. Finally, Petitioner has not shown exhaustion should be waived in his case.

Accordingly, Petitioner's challenge to the bond decision should be dismissed without prejudice for failure to exhaust administrative remedies.

**IV.**

**ORDER**

IT IS THEREFORE ORDERED that Judgment be entered denying the Petition without prejudice.

Dated: **AUGUST 27, 2026**

JOHN D. EARLY
United States Magistrate Judge